Mary Judge Ryan
RYAN TURCHIK P.C.
300 North Main Avenue
Suite 106
Tucson, AZ 85701
Telephone: (520) 882-7070
Fax: (520) 882-7091
State Bar No. 011692
mary@ryanturchik.com

**Attorneys for:** Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Rodriguez, a married man; | CV-05-456-TUC CKJ |
| Plaintiff | **Motion in Limine** |
| vs. | **Re: Unrelated Acts** |
| United States Department of Homeland Security, Michael Chertoff, in his official capacity | |
| Defendants. | (Judge Jorgenson) |

  Plaintiff Daniel Rodriguez,, by and through his attorney undersigned moves this Court, *in limine,* pursuant to Federal Rules of Evidence, Rule 405 and 403 for an order directing defendant, his counsel and/or his witnesses not to testify, present questions about, or make any reference before the jury regarding Plaintiff's separation from the military, and his termination from another position in 2006, after his discriminatory termination from the Border patrol and insinuations of other employers. It is anticipated that Defendant will seek to admit this evidence to show Plaintiff was unfit for the Border Patrol.  This evidence is not relevant and not admissible under Rule 404. Evidence of other acts is not admissible to prove the character of a person in order to show action in conformity therewith.

This Motion is supported by the attached Memorandum of Points and Authorities.

**Memorandum of Points and Authorities**

This case arises under Title VII, the character of the Plaintiff is not at issue. Such evidence is irrelevant and inadmissible under Rules 402 and 403. It is axiomatic that the presentation of such evidence of other acts going to character must be rejected because it is said to weigh too much with the jury and to so over persuade them as to prejudge one with a bad general record and deny him a fair hearing on the issue before the jury, i.e. the discrimination and hostile work environment by the defendant. The overriding policy of excluding such evidence, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice. *Michelson v. United States, 335 U.S. 469, 482 (1948).*

Presentation of such evidence will also result in undue consumption of time, it will be necessary to factually describe and justify each decision of the Plaintiff as well as the basis for is termination from a subsequent employer.

None of this evidence is relevant or probative of the issue in this case.

**Military Service**

Daniel Rodriguez entered the military on April 25, 1994 due to personal reasons he separated from the military on May 31, 1994. It is anticipated that Defendant will introduce this information as character evidence in an effort to persuade the jury that he was not fit to be a Border Patrol Agent. This evidence is not relevant nor probative of the issues in this case and will require consumption of time to present evidence on the facts and may be prejudicial to the plaintiff. This occurred approximately ten years

before Plaintiff's service with the Border Patrol and was known by the Border Patrol at the time of his entry into the service. Plaintiff requests an order precluding introduction of this evidence.

**Subsequent Termination In 2006**

Work performance with other employers, either before or after the defendant employer, is inadmissible under Rule 404(a) Federal Rules of Evidence (evidence of a trait or character to prove conduct in conformity therewith on a particular occasion is inadmissible). Rauh v Coyne, et al., 744 F. Supp. 1181, 1184 (D.D.C.1990), Zubulake v. UBS Warburg LLC, 382 F. Supp. 2d 536, 540 (S.D.N.Y. 2005). Courts also hold that a victim's job performance evaluation after the termination was properly excluded as character evidence under Fed. R. Evid. 404(a)(2). The victim's character is not essential element of the claim, and any probative value is substantially outweighed by potential for confusion and unfair prejudice under Fed. R. Evid. 403. United States v Caldwell (2007, CA5 La) 2007 US App LEXIS 28493., EEOC v Lexus Serramonte 237 FRD 220 (2006, ND Cal).

**Other Complaints of Discrimination**

The Plaintiff was terminated from a position in 2001. In the employer documentation it was suggested that Mr. Rodriguez insinuated that he believed the action taken was racially motivated. It is anticipated that the Defendant will attempt to introduce this information in an effort to establish habit of filing such claims or to discredit his claim of discrimination against the CBP. In EEOC v Lexus Serramonte 237 FRD 220(2006, ND Cal), an action brought on behalf of a former employee and other similarly situated female employees and former employees alleging sexual harassment the Court ruled that employee's records from companies for which she

worked after she quit working for employer should not even be produced under Fed. R. Civ. P. 26 and 45 to extent that defendants sought information about any other harassment claims she filed after she worked for employer in effort to establish habit of filing such claims   EEOC v. Lexus Serramonte, 237 F.R.D. 220, 223 (N.D. Cal. 2006). Clearly such information is not admissible.

**Conclusion**

Based on all the foregoing, Plaintiff moves this court in limine for an order precluding evidence regarding Plaintiff's separation from the military, and his termination from another position in 2006, after his discriminatory termination from the Border patrol and insinuations of a 2001 employer of Plaintiff.

Dated this ___11th____day of July, 2008

By:     ___/s/_____
         Mary Judge Ryan
         **Ryan Turchik PC**

Original mailed electronically
this 11th day of July, 2008 to:

Richard E. Gordon
Assistant U.S. Attorney
405 W. Congress, Suite 4800
Tucson, Arizona 85701-5040
richard.gordon@usdoj.gov
Attorney for Defendants