**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL RODRIGUEZ,            )<br>                                               )<br>        Plaintiff,                      )<br>                                               )<br>vs.                                         )<br>                                               )<br>MICHAEL CHERTOFF, SECRETARY)<br>OF   THE   DEPARTMENT   OF)<br>HOMELAND SECURITY,      )<br>                                               )<br>        Defendant.                   )<br>_____) | No. CIV 05-546-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Defendant's Motion in Limine [Doc. # 151], Plaintiff's Motion in Limine Re: Employment Evidence Not Related to the Border Patrol [Doc. # 154], Plaintiff's Motion in Limine Re: Marital Status [Doc. # 155], and Plaintiff's Motion in Limine Re Unrelated Act [Doc. # 156]. Oral argument was presented to the Court on September 10, 2008.

*Plaintiff's Motion in Limine Re: Unrelated Acts, Plaintiff's Motion in Limine Re: Evidence of Information Relating to Employment Not Related to Border Patrol, and Government's Motion in Limine Re: Omissions, Inconsistencies, and Untruthful Statements*

Plaintiff seeks to preclude any reference to Plaintiff's separation due to personal reasons from the military, his termination from other post-Border Patrol employment, and his applications for employment. The government agrees that such reference is not relevant. However, the government asserts that, to the extent that Plaintiff was untruthful about these

issues, they are relevant. Indeed, such evidence is relevant to Plaintiff's credibility and thus is "always open to cross-examination." *United States v. Zandi*, 769 F.2d 229, 236 (4th Cir. 1985). "After all, a witness's willingness to lie . . . in an application . . . is highly probative of his character for truthfulness." *United States v. Shinderman*, 515 F.3d 5, 17 (1st Cir. 2008). Plaintiff's credibility, his attention to detail, and providing accurate information in completing forms are central issues in this case. The Court finds such evidence is relevant.

However, the government also argues that Plaintiff cannot only be questioned regarding this "untruthful" conduct on cross-examination, but that the inaccuracies and untruthful statements (e.g., contained within employment documents) are also admissible substantively. The admissibility of evidence of specific instances of conduct is limited:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Fed.R.Evid. 608(b). The government asserts the substantive admission is appropriate because Plaintiff admits the acts at issue (i.e., filling out the forms). There is limited case law to support this admission. *See e.g., United States v. Zandi*, 769 F.2d 229 , 236 (4th Cir. 1985); *Carter v. Hewitt*, 617 F.2d 961, 970-71 (3rd Cir. 1980). Other cases, however, find such admission to not be appropriate. *See e.g., Shinderman*, 515 F.3d at 18 (document can be used to refresh recollection, but may not be admitted). The admission of such evidence, however, is contrary to the rule. *See* 3 Louisell & Mueller, Federal Evidence, § 306, 1989 supp. ("several decisions have refused to disapprove introduction of such documents where the witness concedes his relevant connection to them, *seemingly diluting the clear command of the Rule itself*"), *emphasis added*. The Court finds that, while the evidence may be used for impeachment and to show untruthfulness, the use of extrinsic evidence for substantive purposes under Fed.R.Evid. 608(b) is not permissible.

The parties dispute whether such evidence may be substantively considered as "after-

- 2 -

acquired" evidence. Courts have held that after-acquired evidence may be an independent reason for termination, even if only discovered during the litigation. *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 359-60, 115 S.Ct. 879,130 L.Ed.2d 852 (1995). Before an employer may invoke the after-acquired evidence doctrine, it must be shown that (1) the employee actually committed the misconduct and (2) the employer in fact *would have* terminated the employee on those grounds alone if it had discovered the wrongdoing. *Shattuck v. Kinetic Concepts, Inc.*, 49 F.3d 1106 (5th Cir. 1995). Plaintiff asserts, however, because any alleged misconduct by Plaintiff is alleged to have occurred before or after the employment, the *McKennon* principle does not apply.

The government asserts that courts have not interpreted *McKennon* as narrowly as Plaintiff. *See e.g.,Sellers v. Mineta*, 358 F.3d 1058, 1063-65 (8th Cir. 2004); *Medlock V. Ortho Biotech, Inc.*, 164 F.3d 545, 555 (10th Cir. 1999); *Mardell v. Harleysville Life Ins. Co.*, 65 F.3d 1072, 1074 n. 4 (3rd Cir. 1995). The admission of such evidence is limited, discretionary, and fact-based. However, the government has not asserted that the conduct is such that the government would have terminated Plaintiff because of the conduct.[1] This, in and of itself, disqualifies the evidence for admission under *McKennon*. Moreover, the government has failed to provide any Ninth Circuit authority supporting such admission. The Court finds that the admission of such evidence as after-acquired evidence is not appropriate.

The government also asserts that, if it offers a mixed motive defense, such evidence may be admissible. However, besides mentioning this argument, the government does not provide any authority for this assertion. The Court does not find the evidence is admissible simply because the government may offer a mixed motive defense.

However, relevant evidence should be excluded "if its probative value is substantially

---

[1] The government asserts that it is "likely" witnesses will testify that such evidence provided another valid reason for Plaintiff's termination. Defendant's Motions in Limine, p. 9. The government does not assert that such evidence would have resulted in Plaintiff's termination.

- 3 -

1 outweighed by the danger of unfair prejudice." Fed.R.Evid. 403.  "The unfair prejudice is
2 measured by the extent to which the testimony 'makes [a finding regarding liability] more
3 likely because it provokes an emotional response in the jury or otherwise tends to affect
4 adversely the jury's attitude toward the defendant wholly apart from its judgment as to [its
5 conduct]." *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1327 (9th Cir. 1992), *quoting*
6 *United States v. Bailleaux*, 685 F.2d 1105, 1111 (9th Cir. 1982).  The Ninth Circuit has
7 stated:

> Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403.  Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing.  Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

*United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).  The probative value of impeachment evidence as to veracity and other claims of discrimination is not substantially outweighed by unfair prejudice.

Plaintiff also asserts that evidence of other complaints of discrimination should be precluded.  In support of his assertion, Plaintiff relies on *EEOC v. Lexus Serramonte*, 237 F.R.D. 220, 223 (N.D.Cal. 2006).  In that case, disclosure of information of other harassment claims made after the relevant employment was sought.  The court did not address that request, but found that work performance evidence was inadmissible and denied the request. The government, however, argues that employers are entitled to be shielded from having to accommodate "the idiosyncratic concerns of the rare hyper-sensitive employee." *Ellison v. Brady*, 924 F.2d 872, 879 (9th Cir. 1991).  The government argues that evidence of Plaintiff's other complaints shows his hypersensitivity and his willingness to point to his national origin when accused of wrongdoing. Because Fed.R.Evid. 404 is a rule of inclusion, *United States v. Curtin*, 489 F.3 935 (9th Cir. 2007), the government argues such evidence is admissible.

Although evidence of other acts is not admissible to prove the character of an individual to show he or she acted in conformity therewith, evidence of other acts may be

- 4 -

1  "admissible for other purposes, such as proof of motive, opportunity, intent, preparation,
2  plan, knowledge, identity, or absence of mistake or accident[.]" Fed.R.Evid. 404(b). To be
3  admissible under Fed.R.Evid. 404, the evidence must tend to prove a material element, be
4  similar to conduct at issue, be supported by sufficient evidence, and not be too remote in
5  time. *United States v. Danielson*, 325 F.3d 1054, 1075 (9th Cir. 2003). The government
6  does not discuss how Rodriguez' conduct qualifies him as a "rare hyper-sensitive employee."
7  For example, how many complaints must an employee make before being considered hyper-
8  sensitive? Further, what consideration must be made of the quality of the complained
9  conduct (e.g., complaining to co-employees compare to filing a lawsuit) versus the quantity
10 of complaints? Indeed, that Rodriguez may have complained of other conduct at a different
11 employment does not address whether a reasonable person would find the government's
12 environment hostile or abusive. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787
13 (1998), *citing Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21-22 (1993); *see also Clark
14 County School Dist. v. Breeden*, 532 U.S. 268, 271 (2001), *citation omitted*. Additionally,
15 the government's reliance on *Ellison* fails to consider that the court's discussion of shielding
16 employers from accommodating hyper-sensitive employees was made in determining the
17 appropriateness of a reasonable person standard . . . not the admissibility of other complaints.
18 Moreover, in *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 495 (7th Cir. 1998), the
19 court found evidence was not admissible to simply establish a party's propensity to sue his
20 employers. Among other reasons, the evidence was admissible to show a party's modus
21 operandi of creating fraudulent documents in anticipation of litigation. There is no such
22 allegation in this case. Rather, the government is seeking to admit propensity evidence of
23 claiming foul and that Rodriquez simply acted in conformity with that evidence. The Court
24 finds the evidence is not admissible.

25

26 *Motion in Limine Re: Marital Status of Plaintiff*

27      Plaintiff requests evidence of his marital status and his child with his common-law
28 wife be precluded. *See e.g. Gage v. Metro Water Reclamation Dist. of Greater Chicago*, 365

1  F.Supp.2d 919, 927-928 (N.D.Ill. 2005) (evidence that plaintiff bore children out of wedlock
2  precluded as not probative).  The government agrees that evidence regarding the child is not
3  relevant, but asserts that evidence of Plaintiff's misstatements regarding his marital status is
4  relevant to show Plaintiff's inability or unwillingness to pay attention to details.  For
5  example, the government points to the fact that the complaint in this matter alleged that he
6  is a married man even though his testimony at deposition indicates that is aware that he is not
7  legally married.  The government asserts that Plaintiff's willingness to be so inexact in such
8  a document shows that his is either unable or unwilling to properly fulfill his duties
9  connected to official paperwork.  Plaintiff asserts, however, that admission of the evidence
10 presents a high degree of unfair prejudice and would require a lengthy explanation.

11 While Plaintiff's marital status may be slightly prejudicial and its admission may
12 lengthen the proceedings, Plaintiff's credibility and his ability/willingness to be exact is
13 highly relevant.  The Court finds the potential for unfair prejudice does not outweigh the
14 probative value of the evidence.  The evidence of marital status is admissible at trial.

15

16 *Defendant's Motions in Limine*

17 The government asserts that witness Michael Lynch and related testimony should be
18 precluded.  In effect, the proposed testimony is that Plaintiff has the skills to be a policeman
19 with the Department of the Navy and, therefore, he had the skills to be a Border Patrol Agent.
20 The government asserts that such evidence is not relevant.  *See e.g., Zubulake v. UBS*
21 *Warburg LLC*, 382 F.Supp.2d 536, 543 (S.D.N.Y. 2005) (evidence of plaintiff's prior
22 employment to show propensity for deficiency was inadmissible under Fed.R.Evid. 403).
23 The government also asserts that Plaintiff is attempting to show character traits with evidence
24 that is not admissible pursuant to Fed.R.Evid. 404.  *See e.g., EEOC v. Serramonte*, 237
25 F.R.D. 220, 224 (N.D.Cal. 2006) ("[w]ork performance with other employers, either before
26 and after the defendant employer, is not admissible under Rule 404(a) . . ."); *Raugh v. Coyne*,
27 744 F.Supp. 1181, 1184 (D.D.C. 1990) (evidence of plaintiff's positive performance at jobs
28 both before and after employment with the defendant was inadmissible under Rules 403 and

- 6 -

1   404(a)); *Zenian v. District of Columbia*, 283 F.Supp.2d 36, 40 (D.D.C. 2003) (evidence of
2   negative performance prior to time period during which discrimination occurred was both
3   irrelevant and inadmissible under Rule 404(a)).  Plaintiff argues, however, that his
4   competence and evaluations in a different federal law enforcement position is directly
5   relevant to whether he was receiving fair evaluations.

6   The Court agrees with the government that such evidence is not relevant.  What one
7   law enforcement agency may require of their officers does not necessarily apply to all law
8   enforcement agencies.  Further, such evidence would constitute trait or character evidence
9   that is not admissible to prove action in conformity therewith.  Fed.R.Evid. 404(a).  The
10  Court finds such evidence shall be precluded.

11  In its Supplement Regarding Defendant's Motion in Limine, the government states
12  that it did not object to Rodriguez testifying as to his current Naval police officer position
13  and his current salary to show his attempts to mitigate his damages.  Such background
14  testimony is generally admissible to permit a witness to become comfortable and to introduce
15  the witness to the jury.  *See generally* 3 Litigating Tort Cases § 39:76 (July 2008).  The
16  government asserts, however, that it will have to present evidence regarding the differences
17  between Rodriquez' current position and the Border Patrol position.  The government
18  proposes a compromise whereby Rodriquez testifies to currently being employed by the
19  federal government and stating his current salary.   The government having failed to object
20  to, or moved to preclude, such testimony, the Court declines to address whether such
21  testimony should be precluded.[2]

22  The government also seeks to preclude "stray comments."  The government asserts
23  that comments not related to Plaintiff should not be admitted because there is not a sufficient
24  nexus between the alleged remarks and the adverse employment decision.  *See e.g., Vasquez*
25  *v. County of Los Angeles*, 349 F.3d 634, 640-41 (9th Cir. 2004).   The government also

---

[2]Indeed, this compromise was proposed in a document submitted after the deadline for the filing of motions in limine and after argument on the motions in limine.

- 7 -

1  asserts ambiguous remarks are insufficient to show pretext. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 915, 918-19 (9th Cir. 1997). The government asserts that any probative value is outweighed by unfair prejudice, confusion of the issues and their misleading nature.

Plaintiff asserts, however, the "stray comments" were made by Edmisten and LaLonde, two of Plaintiff's supervisors, and that derogatory comments can create an inference of discriminatory motive. *Warren v. Carlsbad*, 58 F.3d 439, 443 (9th Cir. 1995); *Lindahl v. Air France*, 930 F.2d 1434, 1439 (9th Cir. 1991) (general comments about Hispanics create inference of discriminatory motive against particular complainant).

The Court finds that this evidence is relevant to an alleged "discriminatory motive." Moreover, the probative value is not substantially outweighed by unfair prejudice or confusion of issues. The Court finds the evidence is admissible.

Accordingly, IT IS ORDERED:

1.  Defendant's Motion in Limine [Doc. # 151] is GRANTED IN PART AND DENIED IN PART.

2.  Plaintiff's Motion in Limine Re: Employment Evidence Not Related to the Border Patrol [Doc. # 154] is GRANTED IN PART AND DENIED IN PART.

3.  Evidence regarding Plaintiff's new law enforcement employment (i.e., witness Lynch and related testimony) is precluded.

4.  Evidence regarding omissions, inconsistencies, and untruthful statements made on Plaintiff's employment applications and paperwork and evidence regarding Plaintiff's separation from the military and his termination from another position in 2006 may be used to attack Plaintiff's credibility, but such evidence is substantively precluded and any such extrinsic evidence is precluded.

5.  Evidence regarding stray comments by Edmisten and LaLonde is admissible.

6.  Plaintiff's Motion in Limine Re: Marital Status [Doc. # 155] is GRANTED IN PART AND DENIED IN PART.

7.  Evidence regarding Plaintiff's marital status may be used to attack Plaintiff's

- 8 -

1 credibility.

2     8.     Plaintiff's Motion in Limine Re Unrelated Acts [Doc. # 156] is GRANTED IN PART AND DENIED IN PART.

    9.     Evidence of other complaints of discrimination by Rodriguez is precluded.

DATED this 22nd day of October, 2008.

_____
Cindy K. Jorgenson
United States District Judge