IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL RODRIGUEZ,            )<br>                              )<br>         Plaintiff,          )<br>                              )<br> vs.                          )<br>                              )<br> MICHAEL CHERTOFF, SECRETARY  )<br> OF THE DEPARTMENT OF         )<br> HOMELAND SECURITY,           )<br>                              )<br>         Defendant.           )<br>_____) | No. CIV 05-546-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the issue of the admissibility of evidence at trial of similarly-situated co-workers. The parties argued this issue to the Court during the November 24, 2008, pre-trial conference.

Generally, to establish a prima facie case of disparate treatment, a plaintiff must show that "(1) [he] belongs to a protected class; (2) [he] was performing according to [his] employer's legitimate expectations; (3) [he] suffered an adverse employment action, and (4) other employees with qualifications similar to [his] own were treated more favorably." *Godwin v. Hunt Wesson, Inc.* 150 F.3d 1217, 1220 (9th Cir. 1998); *Vasquez v. County of Los Angeles*, 349 F.3d 634 (9th Cir. 2004). Evidence of the treatment of other similar employees is relevant to whether Plaintiff's national origin was either the sole reason or a motivating factor for the adverse employment action.

Plaintiff Daniel Rodriguez ("Rodriguez") asserts that Steven Lawrence ("Lawrence"),

1  with similar qualifications as Rodriguez, was treated more favorably and evidence of his
2  retention should be admitted as a comparative employee.  Lawrence was a trainee in
3  Rodriguez' class, started his training at the Nogales station in March 2004 (when Rodriguez
4  started his training).  However, Lawrence worked a different shift than Rodriguez and was
5  not rated by the same journeymen as Rodriguez.  Defendant asserts that evidence of the
6  retention of Leo Cruz Mendez ("Mendez") should be admitted as a comparative employee.
7  Although Mendez started a month or two before Rodriguez, he was trained at the same time
8  as Rodriguez, worked on the same shift as Rodriguez, and was rated by the same
9  journeymen.

10  Employees are considered similarly situated if their jobs and conduct are similar.
11  *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (among other
12  considerations, court looked to whether problematic conduct was of comparable
13  seriousness).  The Seventh Circuit has found that a "demonstration of substantial similarity
14  would also require a showing [of] a common supervisor[.]" *Radue v. Kimberly-Clark Corp.*,
15  219 F.3d 612, 618 (7th Cir. 2000).[1]  However, the Ninth Circuit has found that "whether two
16  employees are similarly situated is ordinarily a question of fact." *Beck v. United Food and*
17  *Commercial Workers*, 506 F.3d 874, 885 n. 5 (9th Cir. 2007).  The similarities of both
18  Lawrence and Mendez to Rodriguez are sufficient to present a question of fact appropriate
19  for consideration by the jury.  The Court finds that the evidence regarding Lawrence and
20  Mendez as comparable employees is relevant.

21  Rodriguez asserts, however, that the admission of evidence of the treatment of
22  Mendez would violate Fed.R.Evid. 404.  "[O]ther acts are admissible under Rule 404(b) in
23  the employment discrimination context for the proper purpose of establishing or negating
24  discriminatory intent." *Ansell v. Green Acres Contracting Co., Inc.*, 347 F.3d 515, 521 (3rd
25  Cir. 2003); *see also L'Etoile v. New England Finish Systems, Inc.*, 575 F.Supp.2d 331, 334
26  (D.N.H. 2008) (there is substantial precedent that recognizes that evidence of "employer's

---

28  [1]There is not a comparable Ninth Circuit case.

1    treatment of other employees of the same protected class as the plaintiff is admissible, under
2    [Fed.R.Evid. 404(b)] on the question of whether the employer acted with the prohibited
3    discriminatory intent[;]" collecting cases).
4         Accordingly, IT IS ORDERED evidence regarding Lawrence and Mendez as
5    comparable employees is ADMISSIBLE at trial.
6         DATED this 26th day of November, 2008.

                                                    Cindy K. Jorgenson
                                                    United States District Judge